UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE RENEE PHILLIPS, #252326,

        Petitioner,

v.

        CASE NO. 2:14-CV-13449
        HONORABLE GEORGE CARAM STEEH

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Joyce Renee Phillips ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that she is being held in violation of her constitutional rights. The petitioner pleaded guilty to manslaughter, MICH. COMP. LAWS § 750.321, in the Kent County Circuit Court and was sentenced to 9 to 15 years imprisonment in 2013. In her pleadings, the petitioner asserts that defense counsel was ineffective at sentencing. For the reasons set forth herein, the court finds that the claim lacks merit and denies the habeas petition. The court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.    Facts and Procedural History**

The petitioner's conviction arises from the shooting death of her boyfriend, Michael Richardson, on February 12, 2004. The record reveals that the petitioner and Richardson were involved in a tumultuous and sometimes violent relationship. After a night of crack

cocaine use, they got into an argument because Richardson wanted to use her car to commit a robbery and she objected. The petitioner left, got a gun, returned, and then shot and killed Richardson. The crime was unsolved for several years until the petitioner came forward and admitted her guilt.

At a hearing on December 6, 2012, the petitioner pleaded guilty to manslaughter in exchange for an agreement that she not be charged with a higher offense or as a habitual offender, dismissal of a perjury charge, and an agreement not to pursue charges against her children.

A sentencing hearing was conducted on January 22, 2013. At that hearing, defense counsel expressed condolences to Richardson's family and spoke of the petitioner's love for Richardson, her lack of premeditation and intention, and her remorse. He discussed Richardson's and the petitioner's domestic relationship, which involved violence and substance abuse. Counsel indicated that the situation was a product of their relationship and that the petitioner was not a menace to others. The petitioner also spoke on her own behalf at sentencing, expressing remorse and asking for forgiveness for her actions. The trial court acknowledged that the minimum guideline range was 58 to 114 months and imposed a sentence of 9 to 15 years imprisonment.

The petitioner subsequently moved for re-sentencing asserting that defense counsel was ineffective at sentencing for arguing that "something like this was bound to happen" and for failing to request a sentence at the low end of the guidelines. The trial court conducted a hearing on September 13, 2013, found that counsel made appropriate arguments for leniency, and denied the motion. The petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claim, which was

denied "for lack of merit in the grounds presented." People v. Phillips, No. 318283 (Mich. Ct. App. Dec. 12, 2013) (unpublished). The petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Phillips, 495 Mich. 996, 845 N.W.2d 509 (2014).

The petitioner thereafter filed her federal habeas petition raising the following claim as grounds for relief:

> [She] is entitled to re-sentencing due to ineffective assistance of counsel and violation of the state and federal due process right to sentencing based upon accurate information.

The respondent has filed an answer to the petition contending that it should be denied for lack of merit.

### III. Standard of Review

Federal law imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it

must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue.

Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV. Analysis

The petitioner asserts that she is entitled to habeas relief because defense counsel was ineffective at sentencing for failing to properly argue for a sentence at the low end of the guidelines. The state trial court determined that counsel argued for leniency at sentencing and denied the petitioner's motion for re-sentencing. The state appellate courts both denied leave to appeal.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. Id.

---

[1]The Court notes that it would reach the same result under a de novo standard of review.

-6-

at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a proceeding. Id.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The petitioner bears the burden of overcoming the presumption that the disputed actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. Id. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the

question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

In this case, the petitioner fails to establish that defense counsel erred and/or that she was prejudiced by counsel's conduct at sentencing. Counsel made valid arguments for leniency at sentencing, citing the parties' abusive relationship, the petitioner's lack of premeditation and intent, and the petitioner's remorse. While counsel did not specifically request a sentence at the bottom of the guidelines, counsel's conduct was reasonable, particularly given the petitioner's favorable plea bargain. Furthermore, at the re-sentencing motion hearing, the trial court indicated that such a specific request would not have affected the sentencing decision. Defense counsel cannot be deemed deficient for failing to make a futile or meritless argument. See Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); United States v. Steverson, 230 F.3d 221, 225 (6th Cir. 2000). The petitioner also alleges no facts to show that she was prejudiced by counsel's conduct. The trial court imposed sentence based upon the petitioner's history and the facts of the crime. The petitioner fails to establish that counsel was ineffective at sentencing under the Strickland standard. Habeas relief is not warranted on such a basis.

Moreover, the court notes that the petitioner's sentence is within the state sentencing guidelines and within the statutory maximum of 15 years imprisonment for manslaughter. See MICH. COMP. LAWS § 750.321. A sentence within the statutory limits is generally not subject to federal habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not cognizable upon habeas review unless the

-8-

petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). The petitioner makes no such showing.

A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. Townsend, 334 U.S. at 741; see also United States v. Tucker, 404 U.S. 443, 447 (1972); United States v. Sammons, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. United States v. Polselli, 747 F.2d 356, 358 (6th Cir. 1984); Draughn v Jabe, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Again, the petitioner makes no such showing. Rather, the record indicates that she had a sentencing hearing before the trial court with an opportunity to argue for leniency and to challenge the accuracy of any information relied upon by the trial court. Defense counsel and the petitioner both spoke on her behalf at sentencing. The petitioner fails to establish that the state trial court relied upon materially false or inaccurate information in imposing her sentence which she had no opportunity to correct. The state trial court acted within its discretion at sentencing. Habeas relief is not warranted.

**V.    Conclusion**

For the reasons stated, the court concludes that the petitioner's claim lacks merit and that the habeas petition must be denied.

Before the petitioner may appeal the court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the court concludes that the petitioner fails to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted. Nor should the petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See FED. R. APP. P. 24(a).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: May 1, 2015

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 1, 2015, by electronic and/or ordinary mail and also on Joyce Phillips #252326, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk